UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ST. VINCENT'S MEDICAL CENTER, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 15-1999 (ABJ) |
| SYLVIA M. BURWELL, *in her official capacity as Secretary of Health and Human Services*, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiff St. Vincent's Medical Center has brought this action against defendant Sylvia M. Burwell in her official capacity as Secretary of Health and Human Services ("HHS"), seeking judicial review of the dismissal of plaintiff's appeal of a Medicare reimbursement determination. Compl. [Dkt. # 1]. Specifically, plaintiff alleges that the Provider Reimbursement Review Board ("the Board") erred when it determined that it was required to dismiss plaintiff's appeal – which was received one day late – as untimely, when the regulations state only that "the Board *may*" dismiss a late-filed appeal. *Id.* ¶¶ 17–20, 24. The parties have filed cross-motions for summary judgment, which have been fully briefed. Pl.'s Mot. for Summ. J. [Dkt. # 16] ("Pl.'s Mot."); Mem. of P. & A. in Supp. of Pl.'s Mot. [Dkt. # 16] ("Pl.'s Mem."); Def.'s Cross-Mot. for Summ. J. & Opp. to Pl.'s Mot. [Dkt. # 17] ("Def.'s Mot."); Mem. in Supp. of Def.'s Mot. [Dkt. # 17] ("Def.'s Mem.").

Because the relevant regulations and rules make clear that the Board "may" – not "must" – dismiss an appeal if a provider fails to meet a filing deadline, the Court agrees with plaintiff that the Board's conclusion that it was required to dismiss the appeal was not in accordance with law

and must be set aside. *See* 5 U.S.C. § 706(2)(A). Accordingly, the Court will deny defendant's motion for summary judgment and grant plaintiff's motion on Count I, and remand this matter to the agency for further proceedings consistent with this opinion.

## BACKGROUND

The following facts are not in dispute. Plaintiff is a hospital eligible to participate in the Medicare program, which reimburses participants for the operating costs of certain inpatient hospital services. Compl. ¶¶ 5, 8. Those reimbursements are calculated based on a number of factors, using a mathematical formula. *Id.* ¶¶ 8–12. A provider that is dissatisfied with the reimbursement determination may appeal to the Board within 180 days of receiving notice of its reimbursement amount. *Id.* ¶ 14.

In this case, plaintiff timely appealed from a reimbursement determination, and on January 8, 2015, the Board established a schedule of proceedings for the appeal which required plaintiff to submit a final position paper no later than September 1, 2015. Compl. ¶¶ 15–16; *see also* Sept. 16, 2015 Board Letter, Ex. A to Compl. [Dkt. # 1-1] ("Board Letter") at 1. On August 31, 2015, one day before the position paper was due, plaintiff sent the Board a copy of its position paper "via UPS guaranteed overnight delivery service." Compl. ¶ 17. However, on September 1, 2015, UPS informed plaintiff that "the position paper would not be delivered on that day due to a late UPS trailer arrival delaying the delivery." *Id.* ¶ 18; *see also* UPS Receipt, Ex. B to Compl. [Dkt. # 1-2] at 2. So plaintiff emailed a copy of the position paper to the Director of the Board's Division of Jurisdiction and Case Management that day. Compl. ¶ 19; *see also* Sept. 1, 2015 Email, Ex. C to Compl. [Dkt. # 1-3]. The position paper was delivered by UPS on September 2, 2016 and the Board received it the same day. Compl. ¶¶ 18, 20; *see also* UPS Receipt at 2.

In a letter dated September 16, 2015, the Board notified plaintiff that it had dismissed its appeal "for failure to timely file the final position paper." Board Letter at 1. Citing to 42 C.F.R. § 405.1868 and Board Rule 27.1,[1] the Board explained that "[t]he applicable regulation and rule provide that the Board is to dismiss an appeal if the Provider does not timely file its position paper." *Id.* at 1; *see also id.* at 2 ("The language in the Board rule is clear that an appeal will be dismissed if a position paper is not timely filed.").

Plaintiff initiated this action on November 15, 2015, seeking judicial review of the Board's decision to dismiss its appeal. Compl. The complaint contains three counts. In Count I, plaintiff argues that the Board's dismissal decision was inconsistent with the relevant regulations and the Board's rules because those rules "state that the Board *may* dismiss an appeal when the position paper is not timely filed," not that it *must* do so. *Id.* ¶ 24. So, plaintiff alleges, the Board's decision was contrary to law and must be set aside pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). *Id.* ¶ 26. In Count II, because "[t]he Board's rules do not explicitly prohibit filing of position papers in electronic format," plaintiff maintains that defendant acted arbitrarily and capriciously in violation of the APA by dismissing the appeal despite the fact that the position paper "was timely filed electronically." *Id.* ¶¶ 28–29. And in Count III, plaintiff argues that the Board cannot rely on its rule, which lists the permissible methods of submitting documents to the Board, as a basis for dismissing plaintiff's appeal, because that rule was not listed or published in the Federal Register and was not subject to notice and comment rulemaking. *Id.* ¶¶ 31–33.

Plaintiff filed its motion for summary judgment on May 15, 2016, Pl.'s Mot., and defendant filed its combined opposition and cross-motion two months later. Def.'s Mot. Plaintiff filed its

---

1  The Board's Rules can be accessed at https://www.cms.gov/Regulations-and-Guidance/Review-Boards/PRRBReview/Downloads/PRRBRULES_07_01_2015.pdf.

3

reply on August 29, 2016, Pl.'s Mem. in Opp. to Def.'s Mot. & Reply in Supp. of Pl.'s Mot. [Dkt. # 21] ("Pl.'s Reply"), and defendant filed its cross-reply on October 17, 2016. Def.'s Reply in Supp. of Def.'s Mot. [Dkt. # 22] ("Def.'s Reply").

## STANDARD OF REVIEW

Under the APA, a court must "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), in excess of statutory authority, *id.* § 706(2)(C), or "without observance of procedure required by law," *id.* § 706(2)(D). However, the scope of review is narrow. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The agency's decision is presumed to be valid, *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), and the court must not "substitute its judgment for that of the agency." *State Farm*, 463 U.S. at 43. A court must be satisfied, though, that the agency has "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Alpharma, Inc. v. Leavitt*, 460 F.3d 1, 6 (D.C. Cir. 2006), quoting *State Farm*, 463 U.S. at 43.

## ANALYSIS

I. **Plaintiff did not fail to exhaust any mandatory administrative remedy prior to initiating this action.**

In its cross-motion for summary judgment, defendant appears to argue that plaintiff failed to exhaust its administrative remedies prior to bringing this lawsuit. *See* Def.'s Mot. at 3–4. Specifically, it directs the Court to Board Rule 46.3, which provides:

> Upon written motion demonstrating good cause, the Board may reinstate a case dismissed for failure to comply with Board procedures. . . . If the dismissal was for failure to file with the Board a required position

4

>paper . . . the motion for reinstatement must, as a prerequisite, include the required filing before the Board will consider the motion.

Board Rule 46.3. Defendant states that "Plaintiff failed to file a written motion to seek a good cause exception," and it argues that "Rule 46.3 provides that providers must seek such an exception by filing a written motion demonstrating good cause for reinstatement of the case." Def.'s Mem. at 4.

This argument raises a question about plaintiff's exhaustion of administrative remedies, which might affect the Court's jurisdiction. Because "courts have an 'obligation to determine whether subject-matter jurisdiction exists' as a preliminary matter," *United States v. Miranda*, 780 F.3d 1185, 1193 (D.C. Cir. 2015), quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), the Court will resolve this issue before proceeding to the merits of plaintiff's complaint. And it concludes that the relevant Board rules do not impose a mandatory requirement that a provider seek reinstatement through a written motion before filing suit in federal court.

"[W]here the APA applies," as in this case, "an appeal to 'superior agency authority' is a prerequisite to judicial review *only* when expressly required by statute or when an agency rule requires appeal before review and the administrative action is made inoperative pending that review." *Darby v. Cisneros*, 509 U.S. 137, 154 (1993). In other words, "absent a statutory or regulatory requirement to the contrary, courts have no authority to require petitioners seeking judicial review of a final agency action to further exhaust administrative procedures." *CSX Transp., Inc. v. Surface Transp. Bd.*, 584 F.3d 1076, 1079 (D.C. Cir. 2009), citing *Darby*, 509 U.S. 137.

Here, nothing in the Board's rules or in the regulations expressly requires a provider to file a reinstatement motion prior to bringing suit in federal court. First, while it is true that Board Rule 46.3 provides a mechanism for seeking reinstatement of an appeal via a written motion

demonstrating good cause, Rule 46.1 implies that such a motion is not required: it provides that "[a] Provider *may* request reinstatement of an issue(s) or case within three years from the date of the Board's decision to dismiss the issue(s)/case." Board Rule 46.1 (emphasis added). Nowhere else in the Board Rules is there any indication that a reinstatement request is a mandatory prerequisite to seeking judicial review of the Board's dismissal of an appeal.

In fact, it appears that such a dismissal decision is final and appealable unless the Secretary of HHS intervenes:

> A decision of the Board shall be final unless the Secretary, on his own motion, and within 60 days after the provider of services is notified of the Board's decision, reverses, affirms, or modifies the Board's decision. Providers shall have the right to obtain judicial review of any final decision of the Board, or of any reversal, affirmance, or modification by the Secretary, by a civil action commenced within 60 days of the date on which notice of any final decision by the Board or of any reversal, affirmance, or modification by the Secretary is received.

42 U.S.C. § 1395oo(f)(1). This statute, which establishes the Board, does not discuss the reinstatement provision in the Board's rules, and it does not impose any finality requirement on a Board decision prior to appeal other than the one relating to the Secretary of HHS.

There is no indication in the record that the Secretary reversed, affirmed, or modified the Board's decision dismissing plaintiff's appeal, and so it appears to the Court that the dismissal decision was final for purposes of seeking judicial review. And where, as here, there is no "statutory or regulatory requirement to the contrary," the Court cannot force plaintiff "to further exhaust administrative procedures" before permitting it to seek judicial review of that final agency action. *See CSX Transp.*, 584 F.3d at 1079. The fact that plaintiff could have sought reinstatement, but chose not to, is therefore not a bar to initiating this action, and the Court may properly exercise jurisdiction over this dispute.

**II.     The Board's reading of the applicable regulations and rules was contrary to law.**

In its decision letter, the Board explained that since plaintiff's position paper was due on September 1, 2015 but was not received until the next day, the Board had no choice but to dismiss plaintiff's appeal "for failure to timely file the final position paper." Board Letter at 1. The Board based its conclusion on two provisions it laid out in full in its letter – 42 C.F.R. § 405.1868(b) and Board Rule 27.1. *Id.* at 1–2. The Board explained that the "regulation and rule provide that the Board is to dismiss an appeal if the Provider does not timely file its position paper." *Id.* Further, the Board stated, "[t]he language in the Board rule is clear that an appeal will be dismissed if a position paper is not timely filed." *Id.* at 2.

The problem for defendant is that the Board's reading of the regulation and the rule is clearly counter to the plain language of those provisions. The applicable regulation, 42 C.F.R. § 405.1868(b) provides:

> (b) If a provider fails to meet a filing deadline or other requirement established by the Board in a rule or order, the Board *may* –
>
> (1) Dismiss the appeal with prejudice;
>
> (2) Issue an order requiring the provider to show cause why the Board should not dismiss the appeal; or
>
> (3) Take any other remedial action it considers appropriate.

42 C.F.R. § 405.1868(b) (emphasis added). Similarly, Board Rule 27.1 states:

> Failure to timely file the position papers *may* result in dismissal of the case, or any of the actions under 42 C.F.R. § 405.1868.

Board Rule 27.1 (emphasis added).

The language of these two provisions is plainly permissive, not mandatory – each directs that the Board *may* dismiss an untimely appeal, not that it is required to do so. In other words, the

Board's conclusion that it was required to dismiss plaintiff's appeal as untimely filed is not in accordance with law and must be set aside. *See* 5 U.S.C. § 706(2)(A).

Defendant does not meaningfully dispute that the Board misread and misapplied the plain language of the governing provisions.[2] Instead, it appears to take the "no harm, no foul" approach: it argues that because the end result – the dismissal of plaintiff's appeal as untimely – "was authorized by the Board's rules and regulations," the decision should be upheld. Def.'s Mem. at 7–8. In support, defendant cites to cases in which courts have affirmed "[t]he Board's authority to dismiss cases for failure to file a position paper" in a timely manner. *Id.* (collecting cases).

It is undisputed that the Board has the discretion to dismiss an appeal where a provider fails to meet an established deadline pursuant to 42 C.F.R. § 405.1868(b)(1) and Board Rule 27.1. The problem for defendant is that the Board's decision was not premised on an exercise of that discretion; it was the result of the Board's conclusion that it was obligated by those provisions to dismiss plaintiff's appeal. *See* Board Letter at 1 ("The applicable regulation and rule provide that the Board is to dismiss an appeal if the Provider does not timely file its position paper.").

"[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting

---

2   In its reply, defendant attempts to support its contention that "the Board's interpretation of the applicable regulations and rules was correct," Def.'s Reply at 2, by relying on the Supreme Court's decision in *Thomas Jefferson University v. Shalala*, which held that an agency's interpretations of its own regulations are entitled to "substantial deference." Def.'s Reply at 2, citing 512 U.S. 504, 512 (1994). But in that case, the Supreme Court also noted that the agency's interpretation will not be given controlling weight if "it is plainly erroneous or inconsistent with the regulation," or if an "alternative reading is compelled by the regulation's plain language." *Shalala*, 512 U.S. at 512, quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945) and *Gardebring v. Jenkins*, 485 U.S. 415, 430 (1988).

what it considers to be a more adequate or proper basis." *Id.*[3] Here, it is clear that the grounds for the agency decision were improper: the Board concluded that it was required by the relevant rules and regulations to dismiss plaintiff's appeal as untimely, when those provisions indicate that dismissal is only permitted, not that it is mandatory. The fact that the Board could have, in an exercise of its discretion, dismissed plaintiff's appeal is of no consequence: "[a]n agency action, however permissible as an exercise of discretion, cannot be sustained 'where it is based not on the agency's own judgment but on an erroneous view of the law.'" *Sea-Land Serv., Inc. v. Dep't of Transp.*, 137 F.3d 640, 646 (D.C. Cir. 1998), quoting *Prill v. NLRB*, 755 F.2d 941, 947 (D.C. Cir. 1985). The Board's decision was therefore plainly contrary to law, and it must be set aside.[4]

---

[3] The parties should not read the Court's recitation of this principle as an expression of any opinion on whether it was proper for the Board to exercise its discretion to reject the day-late pleading under these circumstances.

[4] Because the Court finds that plaintiff is entitled to summary judgment on Count I, it will not reach the remaining counts of the complaint. The Court observes, however, that plaintiff's claim in Count II – that "[t]he Board's rules do not explicitly prohibit the filing of position papers in electronic format," and so it was arbitrary and capricious for the Board to have rejected its electronic filing, *see* Compl. ¶¶ 28–29 – is unpersuasive. Board Rule 3.2 provides:

> Documents may be submitted to the Board in any one of the following ways:
> - By regular mail (the United States Postal Service (USPS)
> - By express or overnight mail by a nationally-recognized next-day courier (such as USPS' Express Mail, Federal Express, UPS, DHL, etc.)
> - By hand or courier

Board Rule 3.2. By modifying the list of submission methods with the phrase "any one of the following ways," the Rule indicates that only one of those three ways is acceptable. Because electronic filing is not included in the list, the Court can only conclude that the Board meant to exclude it as a permissible means of filing. *See, e.g., Adirondack Med. Ctr. v. Sebelius*, 740 F.3d 692, 696 (D.C. Cir. 2014) (discussing "the canon of *expressio unius est exclusio alterius* (the expression of one is the exclusion of others)").

9

## CONCLUSION

Because the Board's application of the relevant regulation and its own rules was contrary to the plain language of those provisions, the Court finds that plaintiff is entitled to summary judgment on Count I. The Court will therefore grant plaintiff's motion in part and deny defendant's motion, and remand this matter to the agency for further proceedings.

A separate order will issue.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: October 21, 2016